[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 26, 1980 the defendant, Commissioner of Transportation, acquired 0.726 of an acre parcel of vacant land by eminent domain pursuant to his powers under Conn. Gen. Stat. § 131-73(b) and § 13b-29. This property was taken by the defendant for use as a commuter parking lot. The appeal taken by the plaintiffs pursuant to § 13a-76 was made returnable to this court on October 5, 1993. The plaintiffs claim as holders of a mortgage interest in the property and are not the owners of the equity.
An earlier appeal of this assessment (bearing docket number CV81-0056113 was returned to this court but it was dismissed on the motion of the defendant Commissioner because the original certificate of taking was defective as to the owner of the equity of redemption of the property, Elaine Toth. The present appeal is a result of the filing of a Revised Notice of Condemnation and Assessment of Damages under date of September 15, 1993 and returnable to this court on October 5, 1993. CT Page 12775
After the dismissal of the original appeal, the Commissioner who had taken over possession of the above mentioned property, paved it and dedicated it to the public use as a commuter parking lot. The subject property is still being used as a commuter parking lot today.
The commissioner assessed the special damages in the sum of $15,000.00 and in accordance with Conn. Gen. Stat. §§ 48-aa and48-21 deposited that amount with the Clerk of the Superior Court for the Judicial District of Waterbury for the use of all those entitled thereto.
Elaine Toth on June 10, 1980 had filed a voluntary petition in the United States Bankruptcy Court. The original appeal by the plaintiffs was dismissed by this court (Healey, J.) on May 9, 1988. On July 12, 1983 the United States Bankruptcy Court dismissed Elaine Toth's bankruptcy petition. This cleared the way for the filing of a subsequent condemnation proceeding now pending in this court. The commissioner specified the date of November 26, 1980 as the date of condemnation and the assessment of damages to be fair to the plaintiffs in this matter. This would allow in accordance with Conn. Gen. Stat § 13a-76 the assessment of interest on the excess from November 26, 1980 to the date of payment in the event that the court were to find that the assessment of damages to be inadequate.
The subject property is approximately .726 acres in size and lies adjacent to Exit 14 of Interstate 84 at the southeasterly corner of the Intersection of Lakeside Road and South Main Street, Southbury, Connecticut. The taking by the defendant was considered a total taking. Prior to 1961 this property was a part of and contiguous with property lying to the west of Lakeside Road. The subject lot was "created" when Lakeside Road was moved by the state on 1961. The relocation of Lakeside Road had the effect of severing the subject property from the land what it once was formerly contiguous with and it also enlarged it slightly by adding to its easterly boundary the former roadbed on the abandoned Lakeside Road and also a parcel .08 acres in size east of the abandoned Lakeside Road.
Philomena Vanech and her husband Nicholas purchased the subject property described in the Executor's deed as parcels 1, 2 and 4 along with an eight acre piece of land described as parcel 3 on February 16, 1965. Prior to April 30, 1966 no CT Page 12776 zoning regulations affected the subject property. On April 30, 1966 the Town of Southbury adopted a zoning ordinance and at that time the property was categorized as "B-3". The B-3 zone provided that all property maintain a 50' setback from the street line. Permitted uses in the B-3 zone were general retail and commercial uses, including small offices, and also nurseries and commercial greenhouses.
Mr. Lavissiere, the plaintiff's appraiser testified that he assumed in his appraisal report that the property in question was usable with a variance. He based that opinion on a discussion with plaintiff's counsel in which he was directed to make that assumption and to state it in his report. On cross examination he indicated that a variance was required for this property because the zoning required a two acre lot and this lot contained three quarters of an acre. In addition there was a 100 foot set back requirement from the highway. He stated that there were overlapping set back lines from both highways. He was working on the assumption that the variance for the set-back requirements on Main Street would be (ten feet — twenty feet) and that the set back on I-84 would probably be 60 feet, 70 feet. He also stated that he did not know of any other property along Main Street in Southbury in the 1980's which received that type of variance from the Zoning Board of Appeals. He also indicated that he would not have authorized an appraisal for a bank or mortgage company with the assumption that a variance of the set back requirement would be probable. He agreed that a bank or mortgage company would not accept that assumption and appraisal because banks don't take those types of risks.
It is undisputed that Nicholas Vanech and Philomena M. Vanech purchased the subject property described as Parcels 1, 2 and 4 along with an 8-1/2 acre piece of land from the estate of Ethel M. Evarts for $38,000.00 by Executor's deed dated February 15, 1965. Philomena M. Vanech sold Parcels 1, 2 and 4 to Elaine Toth by a Warranty Deed dated August 22, 1978 and recorded in Volume 143 Page 995 of the Southbury Land Records. Elaine Toth mortgaged this property back to Philomena M. Vanech on Sept. 18, 1978 for $40,500 as per mortgage deed recorded in the Southbury Land Records in Volume 143 Page 998. The sales price on this property was $45,000. Subsequent transactions vested the mortgage interest in this property in the plaintiff after transfers among their family members. The mortgage deed from Elaine Toth to the plaintiff called for the payment of the total amount of the mortgage ($40,500.00) one year after the date of CT Page 12777 the mortgage note.
Mr. Vanech admitted that he had never sought a variance for the subject property.
Elaine Toth filed applications to determine and vary the application of the zoning regulations relating to set back from the road in an B-3 district. This appeal was dated November 19, 1974 (see Plaintiff's Exhibit "O"). This application stated that a previous appeal had been filed by Mrs. Toth and that a hearing had been held by the Zoning Board of Appeals on September 3, 1974. This appeal was denied unanimously by the Zoning Board of Appeals. It stated that it denied a variance of 30' setback from street line to allow construction 20' from the street on property located on the north side of Rt. 172 between Main St. and I-84 in a B-3 zone. The original appeal was entitled "Appeal 182". A subsequent appeal entitled Appeal 188 was also unanimously denied. The Board of Appeals stated that the appeal was denied because the lot is not of sufficient area to comply with a B-3 district, and that the set back variance of 30' of the 50' set back regulations is unreasonable and that there are other adequate commercial areas available
On the first application the appellant indicated that it was the intent of the applicant to build on the property in the future. Both of these applications were filed with the Zoning Board of appeals before Elaine Toth purchased the property in question from Philomena Vanech.
Under date of September 19, 1978 another zoning appeal was filed by Elaine Toth. Elaine Toth had purchased the property by that time. Mr. John Toth appeared before the Zoning Board of Appeals and stated that originally he had intended to construct a building on the property in question of a commercial nature while the present plans called for a professional building and would include doctors' offices and possibly a real estate and other types of professional offices. This appeal was denied as were the prior appeals.
Elaine Toth filed a subsequent appeal before the Zoning Board of Appeals on April 21, 1982. This sought a variance of the set back requirements as they relate to required 100' from the road. This application stated that it sought permission to construct commercial building meeting all other zoning and planning requirements. Elaine Toth withdrew this last appeal CT Page 12778 and indicated that she would not be seeking any further appeals regarding this property. As of that date the property in question had been condemned by the State of Connecticut in November, 1980.
Mr. Hubert Harrell, manager of the Right of Way section of the Iroquois Gas company, testified regarding the rights of way Iroquois Gas Company over the property in question. He stated that the subject property is very limited in any use due to the potential for setback lines as required by various building and zoning codes and the inability to construct anything on the pipeline encumbered easement. The instruments of acquisition of the easements preclude the construction of structures on the easement. He indicated that the maximum distance available outside of the pipeline easement was approximately 54-1/2 feet. While that is the largest, they vary down near the center to the end to something like 25 feet.
There is no dispute that the handling of the zoning board applications for variances by the Toths was improper in that they failed to specify the construction plans they contemplated for this property. The board noted this deficiency. The Toths subsequently vacated any interest in the above described property. After the filing of the petition in bankruptcy, the Toths disappeared and haven't been heard from since that time.
The plaintiff's expert did not come into the controversy in question under after the condemnation by the State of Connecticut. He indicated that the subject lot was in fact a legal nonconforming lot because it existed in its present configuration as of April 30, 1966 (the date of the adoption of the regulations). The court agrees with his contention. He stated that the applications were poorly handled and that none were appealed and that one apparently proposed a use which was a minimum amount necessary to make a reasonable use of the property. He concluded that:
 "Based upon his experience it is his opinion that if an application for a substantially less intensive use (i.e. a building of approximately 1500 square feet) had been proposed and if the application contained all the requirements called for under the Southbury Zoning Regulation and had been presented professionally under Connecticut Law, there is a strong probability that the ZBA would have granted the variance or in the CT Page 12779 alternative, if the ZBA had refused the variance, that an appeal of the ZBA's decision would have been successful."
The court agrees generally with the contentions of the plaintiff's legal expert. However, the court reaches a different conclusion regarding the valuation of worth of the lot in question. The court concludes that the value of the land in question in the light of the probability of the granting of the variance of the set back requirements is $30,000.00. For that reason the court concludes that judgment should enter in favor of the plaintiffs for $15,000.00 above the amount paid into court by the defendant plus interest from the date of condemnation agreed upon by the parties. The plaintiff is also entitled to the payment of $2,300.00 appraiser's fees.
/s/ O'Brien, STR. O'BRIEN